**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TED E. MANGOLD,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 99-3090
(D.C. No. 97-CV-1091-JTM)
(D. Kan.)

**ORDER AND JUDGMENT** [*]

Before **ANDERSON** , **BARRETT** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Ted E. Mangold appeals the district court's order affirming the Commissioner's denial of social security disability benefits at step five of the sequential evaluation process. See 20 C.F.R. §404.1520; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five-step evaluation process in detail). We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.

We review the Commissioner's decision for substantial evidence in the record and to ascertain whether the Commissioner applied the correct legal standards. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). "[W]e neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)).

Plaintiff was born in 1956, is a high school graduate, has two years of vocational training, and, on the day of the administrative law judge's (ALJ) decision on review here, was forty years old. In 1991, plaintiff applied for social security disability benefits pursuant to Title II of the Social Security Act. He claimed disability based on carpal tunnel syndrome (connected to a 1988

work-place accident), depression, seizure disorder, and reflex sympathetic dystrophy.

The Commissioner denied plaintiff's application at the administrative level and again on reconsideration. After a de novo hearing, the ALJ issued a partially favorable decision, finding plaintiff disabled by the combination of his impairments from April 26, 1988 through November 11, 1991, but not thereafter. The ALJ concluded that, after November 11, 1991, while plaintiff was not able to return to his past work as a flight line mechanic and hydraulic plumber, he retained the residual functional capacity (RFC) to undertake limited sedentary and light exertional work. Based on the testimony of a vocational expert (VE), the ALJ found that, even with only limited use of his right arm, plaintiff could work as a ticket seller, order clerk, security monitor, photo finisher, or doorkeeper, jobs that exist in significant numbers in Kansas and the national economy.

On review, the district court reversed and remanded for further consideration of the side effects of plaintiff's medication, which allegedly make him drowsy and require him to sleep during the day. On remand, the ALJ held a supplemental hearing limited to the medication issue, at which plaintiff and a medical expert testified. Plaintiff, a self-described "night person," testified that he goes to sleep around 1:00 a.m. and rises at 9:00 a.m. He further testified that

he rests and/or sleeps approximately four hours during the day in two hour increments after taking his medication.

The medical expert, a neurologist, testified that plaintiff's medication would not cause drowsiness when taken in normal dosages.[1] Although the medical expert testified that a combination of drugs can exaggerate mild side effects, he opined that the combination of drugs--at the levels plaintiff was taking--would not cause his described drowsiness. The medical expert questioned why plaintiff was continuing to take anti-seizure and muscle relaxant medication.

Thereafter, the ALJ confirmed the Commissioner's initial determination, concluding that plaintiff "has no medically determinable impairment regarding significant sleepiness/lethargy." Appellant's App., Vol. II at 512. The ALJ reviewed plaintiff's medical history in detail and found that his testimony concerning pain and limitations was disproportionate to the medical evidence in the record and not credible. In doing so, the ALJ set forth and considered the relevant factors as required under 20 C.F.R. § 404.1529. In addition, the ALJ did not credit plaintiff's testimony that his increased fatigue precluded work. The ALJ acknowledged but explicitly rejected plaintiff's treating physician's opinion that he was completely disabled.

---

[1] At the time of the hearing, plaintiff was taking Dilantin for seizures, Esgic Plus for pain, and Soma and Ultram (muscle relaxants). At earlier relevant times, he was also taking Flexeril and Procardia.

Plaintiff alleges on appeal that the ALJ's decision, which became the Commissioner's final determination of nondisability, is erroneous because: (1) the ALJ failed to follow the treating physician rule; (2) the ALJ arbitrarily rejected his subjective complaints of pain; and (3) the ALJ's denial of benefits is not supported by substantial evidence.

A treating physician may proffer an opinion about the claimant's impairments and the Commissioner will accord "controlling weight to that type of opinion if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994). A treating physician may also opine that a claimant is totally disabled, however, "[t]hat opinion is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the Secretary." Id.; see also 20 C.F.R. § 404.1527(e)(2). "The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995).

Dr. Charles Marable, a neurologist, has been treating plaintiff since 1989 and has consistently maintained that plaintiff is completely disabled. In August

1996, shortly before the supplemental hearing, Dr. Marable stated in a letter to plaintiff's attorney as follows:

> With [the prescribed] medications and his above medical problem, he is 100% disabled due to the fact that he is not able to use his right hand and has significant pain and problems with it, requiring all these above medications. With the use of these medications it would render him quite sedated and [he] would have difficulty working and obtaining a good, cognitive view of his situation in the work force.

Appellant's App., Vol. II at 620.

Substantial evidence in the record supports the ALJ's rejection of the treating physician's opinion. The ALJ accorded Dr. Marable's opinion appropriate weight in light of the medical record. Throughout the course of his treatment, plaintiff has been examined by a number of physicians. The ALJ's conclusion that plaintiff has not been disabled since November 11, 1991, is supported by the examining physicians' contrary conclusions which outweigh Dr. Marable's opinion. See Goatcher , 52 F.3d at 290 (reiterating principle that when inconsistent with treating physician's opinion, it is the ALJ's task to examine other physicians' reports and adduce if they outweigh that of the treating physician, not vice versa); see also 20 C.F.R. § 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight [the Commissioner] will give to that opinion.").

In addition, the ALJ's decision not to credit plaintiff's testimony as to his pain and limitations, as well as his testimony that medication-induced fatigue

-6-

prevents him from working, is likewise supported. In particular, the ALJ articulated the reasons for doubting plaintiff's testimony and linked his credibility determination to the evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (requiring link between evidence and credibility determination). Hence, we will not disturb these findings on appeal. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."). Accordingly, the Commissioner's determination is supported by substantial evidence in the record.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-7-